13-3397-cr
*United States v. Castelin*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 11th day of March, two thousand fifteen.

Present:        ROBERT A. KATZMANN,
                     *Chief Judge*,
                JOHN M. WALKER, JR.,
                DENNY CHIN,
                     *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

        *Appellee*,

        - v -                                        No. 13-3397-cr

WILNER CASTELIN,

        *Defendant-Appellant,*

BRUCE YAZDZIK, AKA Y.B., DAVID GAUDIOSI, AKA WADE, PATRICK SERAFINE, SANDRA CANFIELD, BERNARD FAMIGLIETTI, EMMANUEL BABE, AKA MANNY, SAMI NABER, CHRISTOPHER ALLEN, JOHN BEST, AKA JB, BRIGITTE JONES, MICHAEL BRADY, JUSTIN KOLVES, JESSICA DOUGLAS,

        *Defendants*.

_____

For Defendant-Appellant:        JILLIAN S. HARRINGTON, Monroe Township, New Jersey.

For Appellee:                    RAHUL KALE (Marc H. Silverman, *on the brief*), *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, Connecticut.

Appeal from the United States District Court for the District of Connecticut (Hall, *C.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-Appellant Wilner Castelin appeals from a judgment of conviction entered on August 30, 2013 by the United States District Court for the District of Connecticut (Hall, *C.J.*). Castelin was convicted at trial of two counts of conspiracy: the first, conspiracy to distribute and possess with intent to distribute oxycodone, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846; and the second, conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h). On August 23, 2013, the district court principally sentenced Castelin to twenty-seven months' imprisonment. We assume the parties' familiarity with the relevant facts, procedural history of the case, and the issues presented for review.

We begin with Castelin's contention that there was insufficient evidence to prove that he intended to participate in the scheme to traffic oxycodone. To sustain a conspiracy conviction, the government must present "'some evidence from which it can reasonably be inferred that the person charged with conspiracy knew of the existence of the scheme alleged in the indictment and knowingly joined and participated in it.'" *United States v. Morgan,* 385 F.3d 196, 206 (2d Cir. 2004) (quoting *United States v. Gaviria,* 740 F.2d 174, 183 (2d Cir. 1984)). When evaluating whether the government has presented enough evidence to a support a jury's guilty verdict, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime

beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).

Here, the government put on testimony from two cooperating witnesses, both of whom testified to events from which a reasonable jury could conclude that Castelin knew that he was participating in a drug-trafficking scheme. David Gaudiosi testified that, among other things, Castelin asked him "how much [they] pay for the Oxycodone and how much [they] sell it for." Gov't App'x 342. Similarly, Sami Naber testified that that he was present when Castelin agreed to transport bags of cash which also contained oxycodone pill bottles. And when Naber asked Castelin about McGilvary's business, Castelin replied "I don't know and I don't want to know." *Id.* at 268; *cf. United States v. Sicignano*, 78 F.3d 69, 71 (2d Cir. 1996) (per curiam) ("[K]nowledge of a criminal fact may be established where the defendant consciously avoided learning the fact while aware of a high probability of its existence . . . ."). Viewing this testimony in the light most favorable to the prosecution, a reasonable jury could conclude that Castelin knowingly joined and participated in the scheme to distribute oxycodone. Although Castelin challenges the credibility of Gaudiosi and Naber, "assessments of the weight of the evidence or the credibility of witnesses are for the jury and not grounds for reversal on appeal . . . ." *Maldonado v. Scully*, 86 F.3d 32, 35 (2d Cir. 1996). Accordingly, we reject Castelin's challenge to the sufficiency of the evidence.

Next, Castelin argues that his trial counsel rendered ineffective assistance, by failing to object to certain alleged hearsay testimony offered by Gaudiosi concerning the purchase and sale price of the oxycodone. This argument fails at the threshold, however, because Gaudiosi's testimony was not hearsay. Gaudiosi merely testified that Castelin asked about the purchase and sale price of the oxycodone, and did not testify about his answer to Castelin's question.

Castelin's out-of-court question was offered to show Castelin's knowledge of the oxycodone distribution, and did not assert any fact. By definition, then, Castelin's question cannot be hearsay. *See* Fed. R. Evid. 801(c), advisory comm. note ("If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay."). Because the testimony was not hearsay, Castelin's counsel did not render ineffective assistance by failing to object.

Third, Castelin challenges a second supplemental jury instruction given by the district court during deliberations. The district court delivered this second supplemental instruction to correct a previous instruction that the court had delivered after the jury asked whether Castelin had to explicitly know that the substance at issue was oxycodone. Castelin does not question the legal accuracy of the district court's second supplemental instruction, but instead argues that the instruction prejudiced him by highlighting the fact that the jury could convict him even if he did not know that the substance was oxycodone. Castelin's argument is foreclosed, however, by *United States v. James*, 998 F.2d 74, 78 (2d Cir. 1993), which held that when a district court answers a jury's question incorrectly, the court should give "a modified supplemental instruction correcting [its] prior erroneous statement."

Finally, Castelin argues in his pro se brief that the government entrapped him. But while the government did instruct a cooperator to contact Castelin in May 2011 and ask him to transport money, Castelin's transportation of that money was not part of the charged conspiracy. Instead, the charged conspiracy was confined to 2010 and January 2011, before the cooperator began working with the government. Accordingly, the government did not entrap Castelin into the conduct that formed the basis for his conviction.

We have considered the defendant's remaining arguments, and find them to be without

merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.


FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK